**Nathan GUINN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 52, 2005.

Supreme Court of Delaware.

Submitted: June 7, 2005.
Decided: Sept. 7, 2005.

10. Randy J. Holland, *The Delaware Constitution: A Reference Guide* 58 (2002).

11. Del.Code Ann. tit. 10, § 4001–05.

Nathan Guinn, pro se, appellant.

John Williams, Department of Justice, Dover, DE, for the appellee, State of Delaware.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The appellant, Nathan Guinn, has appealed from the Superior Court's denial of Guinn's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Guinn's

opening brief that the appeal is without merit.[1] We agree and affirm.

### Facts

During the evening of July 27, 2002, police officer Paul D. Kuntzi and probation officer Douglas Watts were on patrol in the vicinity of Reed and South New Streets in Dover, Delaware, when they observed Guinn walking toward their car. Guinn was in the company of his brother, Samuel Ingram. Kuntzi and Watts stopped Guinn, who was out past his probation curfew and was wanted for an outstanding capias. The officers placed Guinn in handcuffs and searched him, seizing $424 cash, a piece of suspected crack cocaine and a small screwdriver. Guinn was then placed under arrest and was later charged with Possession with Intent to Deliver, Possession within 300 Feet of a Church, Possession of Cocaine, and Possession of Drug Paraphernalia.

Robert A. Harpster, Esquire, assistant public defender, represented Guinn at his December 2002 jury trial. On the second day of trial, Harpster requested a mistrial. That motion was granted and a new trial was scheduled for February 2003.

Sandra W. Dean, Esquire, assistant public defender, represented Guinn at his second trial. Guinn was convicted of Possession of Cocaine with Intent to Deliver, Delivery of Cocaine within 300 Feet of a Church, and Possession of Drug Paraphernalia. He was sentenced to thirty-six years at Level V, suspended after sixteen years and nine months for probation.

On direct appeal, Guinn alleged that the drug evidence was not properly authenticated, and that there was insufficient evidence to prove Possession with Intent to Deliver Cocaine. This Court concluded that Guinn's arguments were without merit and affirmed the Superior Court's judgment.[2]

### Postconviction Motion

Guinn filed a motion for postconviction relief in June 2004. Guinn alleged prosecutorial misconduct, and related court error, and ineffective assistance of counsel. On his ineffective assistance of counsel claim, Guinn alleged that Dean had (a) refused to seek a mistrial, (b) refused to interview and subpoena witnesses, including Ingram, and (c) failed to seek a continuance at a suppression hearing. By "order of reference" dated June 29, 2004, a Superior Court judge referred Guinn's postconviction motion to a Superior Court Commissioner, for proposed findings of fact and recommendations.[3] In turn, the Commissioner issued an "order of briefing" directing that Dean file an affidavit in response to the allegations of ineffective assistance of counsel[4] and that the Department of Justice file a response to the motion and to Dean's response.[5]

In a report dated December 3, 2004, the Commissioner concluded that Guinn's ineffective assistance of counsel claims were without merit and recommended that the postconviction motion be dismissed as procedurally barred under Rule 61(i)(3) and 61(i)(4). The Superior Court adopted the Commissioner's report and denied Guinn's

---

1. Del.Supr. Ct. R. 25(a).

2. *Guinn v. State,* 841 A.2d 1239 (Del.2004).

3. Del.Code Ann. tit. 10, § 512(b)(1)b; Super. Ct.Crim. R. 62(a)(5).

4. Super. Ct.Crim. R. 61(g)(2).

5. Super. Ct.Crim. R. 61(f)(1). The "order of briefing" also provided a deadline for Guinn's reply, if any, to Dean's affidavit and the State's response. Super. Ct.Crim. R. 61(f)(3).

motion for postconviction relief. This appeal followed.

### Issues on Appeal

In his opening brief on appeal, Guinn does not address the prosecutorial misconduct and related court error claims that he raised in his postconviction motion. Moreover, Guinn raises only two allegations of ineffective assistance of counsel, *i.e.*, that Dean failed to seek a continuance at the suppression hearing,[6] and that she failed to interview Ingram.[7] To the extent Guinn has not raised his other postconviction claims, those claims are deemed abandoned and will not be addressed by this Court.[8]

### Ineffectiveness Claims First Postconviction Motion

■ The Superior Court, in its discretion, may proceed in a number of different ways when considering a motion for postconviction relief.[9] Nonetheless, in a case such as Guinn's that involves a first postconviction motion containing claims of ineffective assistance of counsel, this Court has concluded that the Superior Court's preferable practice should include obtaining trial counsel's affidavit in response to the ineffectiveness claims.[10] That practice was followed in Guinn's case.

### Standard of Review

■ We review the Superior Court's denial of a postconviction motion for abuse of discretion.[11] The Court first must consider the procedural requirements of Rule 61 before addressing any substantive issues.[12] Under Rule 61(i)(3), any ground for relief not adjudicated in the proceedings leading to the judgment of conviction is barred unless the movant demonstrates cause for failure to assert the ground and prejudice stemming from the alleged grievance. Under Rule 61(i)(5), this bar to relief is inapplicable to a jurisdictional challenge or to a colorable claim of a miscarriage of justice stemming from a constitutional violation. To prevail on a claim of ineffective assistance of counsel, a movant must show that his counsel's representation fell below an objective standard of reasonableness, and that but for his counsel's errors, the outcome of the trial would have been different.[13]

### Second Trial Preparation Reasonable

■ Guinn has not demonstrated that Dean was unreasonable and unprofessional or that he was prejudiced as a result Dean's alleged ineffectiveness. The record, specifically a file memorandum written by Harpster that Dean attached to her affidavit, reflects that Ingram spoke to

6. Guinn also raises a related claim that the trial court committed error when denying his motion to suppress.

7. Guinn's postconviction motion alleged that Dean was ineffective when she failed to interview and/or subpoena three potential witnesses, including Ingram. In his opening brief on appeal, Guinn limits his argument generally to Ingram.

8. *See Somerville v. State*, 703 A.2d 629, 631 (Del.1997) (citing *Murphy v. State*, 632 A.2d 1150, 1152–1153 (Del.1993)).

9. *See Horne v. State*, —— A.2d ——, 2005 WL 1949967 (Del.Supr.) (discussing how the Su-

perior Court may proceed upon the filing of a postconviction motion under Rule 61).

10. *Id.* at *2.

11. *Melendez v. State*, 858 A.2d 960, 2004 WL 1965650 (Del.Supr.) (citing *Outten v. State*, 720 A.2d 547, 551(Del.1998)).

12. *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

13. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Harpster prior to Guinn's first trial and denied having any "knowledge of the cocaine found in the shorts Mr. Guinn was wearing." Moreover, Harpster's memorandum reflects that Guinn "indicated he did not want Mr. Ingram to testify and wanted to proceed with the defense that the drugs found on his possession was consistent with simple possession." Thus, we agree with the Superior Court that Guinn has not shown that Dean was ineffective when she did not interview or subpoena Ingram prior to Guinn's second trial.

### Continuance Unnecessary

■ Next, Guinn alleges that Dean was ineffective when she failed to seek a continuance at a suppression hearing at which Kuntzi did not appear. In his postconviction motion and now on appeal, Guinn contends that Kuntzi's testimony was essential to prove Guinn's claims that he was arrested in violation of *Miranda v. Arizona.*[14] We have reviewed the record, including the transcript of the preliminary hearing that Guinn referred to in his opening brief. We agree with the Superior Court that there is nothing in the record to suggest that the outcome of Guinn's suppression hearing would have been different had Kuntzi testified.[15]

### Suppression Issue Barred

■ In a related claim, Guinn contends that the Superior Court abused its discretion when denying the motion to suppress. The claim is barred pursuant to Rule 61(i)(3), however, because the record reveals neither cause for Guinn's failure to raise the claim on direct appeal nor prejudice as a result of the alleged error.[16] Moreover, Guinn has not made a colorable claim of a miscarriage of justice to warrant application of the exception to the procedural default.[17]

### Conclusion

It is manifest on the face of Guinn's opening brief that the appeal is without merit. The issues presented on appeal are controlled by settled Delaware law. To the extent that judicial discretion is implicated, clearly there was no abuse of discretion. Therefore, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is granted. The judgment of the Superior Court is affirmed.

---

**14.** *See Miranda v. Arizona,* 384 U.S. 436, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (holding that statements obtained during custodial interrogation are inadmissible absent a prior warning advising a suspect of rights under Fifth Amendment).

**15.** The preliminary hearing transcript reflects the following exchange:

[Prosecutor]: Did you question Guinn?
[Kuntzi]: Just asked him what he was doing out and what was going on. I didn't interview him and read him his Miranda rights or anything like that.
Hr'g Tr. at 5 (Aug. 2, 2002).

**16.** When denying the motion to suppress, the Superior Court concluded that "the facts do not support the assertion that [Kuntzi] should have known that his question or questions to [Watts] was likely to or reasonably likely to elicit an incriminating response [from Guinn]." Trial Tr. at 8 (May 12, 2003).

**17.** Super. Ct.Crim. R. 61(i)(5).