JAMES RUNYON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 369, 2008
Supreme Court of Delaware.
Submitted: December 12, 2008.
Decided: March 4, 2009.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 4th day of March 2009, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, James Runyon, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. We find no merit to Runyon's appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that Runyon was charged in April 2006 with first degree attempted robbery, possession of a deadly weapon during the commission of a felony, second degree assault, and wearing a disguise during the commission of a felony. He pled guilty to one count of second degree assault and one count of attempted first degree robbery. In exchange for his guilty plea, the State dismissed the remaining charges and agreed to recommend a sentence of eleven years in prison. As part of his plea agreement, Runyon acknowledged that he was eligible for sentencing as an habitual offender. On November 17, 2006, the Superior Court sentenced Runyon on the attempted robbery charge to nine years and six months at Level V incarceration, to be suspended after serving a three year mandatory minimum prison term for two years and six months at decreasing levels of supervision. On the assault charge, the Superior Court sentenced Runyon as an habitual offender to eight years at Level V incarceration.[1] Runyon did not appeal. Instead, in March 2008, Runyon filed a motion for postconviction relief.
(3) Runyon raised six postconviction claims in the motion he filed in the Superior Court. He argued that: (i) his plea was involuntary because his counsel had a conflict of interest; (ii) his plea was involuntary because he was under the influence of medication; (iii) his counsel was ineffective for failing to inform him of the evidence the State had against him; (iv) his counsel was ineffective for failing to investigate his case; (v) the Superior Court committed plain error in allowing Runyon to plead guilty when he was not competent to enter a plea; and (vi) his counsel was ineffective for failing to file a direct appeal. The Superior Court rejected all of these claims on the merits. This appeal followed.
(4) In his opening brief on appeal, Runyon contends that the Superior Court abused its discretion in denying postconviction relief because: (i) his guilty plea was involuntary due to his counsel's conflict of interest; his counsel's ineffectiveness in failing to investigate his case and prepare a defense; and for failing to advise him of, and challenge, his status as an habitual offender; (ii) the State breached its plea agreement; and (iii) his habitual offender sentence is unconstitutional. Runyon also argues that the Superior Court abused its discretion by denying his motion to stay the postconviction proceedings.[2]
(5) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[3] To prevail on a claim of ineffective assistance of counsel in entering a guilty plea, a defendant must establish that (a) his trial counsel's representation fell below an objective standard of reasonableness; and (b) but for counsel's unprofessional errors, he would not have pled guilty but would have insisted on going to trial.[4] The defendant must set forth and substantiate concrete allegations of actual prejudice.[5] Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable.[6]
(6) In this case, the Superior Court concluded that Runyon's claim that his counsel was ineffective due to a conflict of interest was wholly unsubstantiated. Runyon's claim of a disqualifying conflict rested solely on the assertion that counsel was married to Runyon's former attorney in an unrelated criminal matter. To overturn his conviction based on a conflict of interest, Runyon was required to prove not only that counsel had an actual conflict, but also that the conflict actually affected his counsel's representation.[7] The Superior Court concluded that there was no per se, ethical bar to counsel representing Runyon based on counsel's marriage to Runyon's former counsel.[8] Absent an actual conflict of interest, we find no error in the Superior Court's rejection of Runyon's claim.
(7) Runyon next argues that his guilty plea was involuntary because his counsel failed to investigate his case, failed to prepare a defense, and failed to communicate with him about his case. Runyon points to no specific errors beyond his general complaints about his counsel's ineffectiveness, and we find no attorney error.[9] Moreover, even were we to assume that Runyon's counsel had somehow erred, Runyon has not substantiated, nor even argued, that there was any prejudice to him.[10] As the Superior Court noted, the State's evidence against Runyon included corroborated eyewitness testimony. Given the foregoing, Runyon could not establish a reasonable probability that the outcome of the proceedings would have been different.[11]
(8) Runyon's next three arguments contend that his counsel was ineffective with respect to (a) his being sentenced as an habitual offender, (b) the State breaching its plea agreement with him in an earlier case by seeking his sentencing as an habitual offender in this case, and (c) his habitual offender sentence is unconstitutional. None of these arguments was made to the Superior Court in the first instance. Absent plain error we will not review these claims for the first time on appeal.[12] We find no plain error. Runyon's plea agreement specifically contained Runyon's acknowledgment that he was an habitual offender. It also set forth the specific prior offenses establishing his habitual offender status. Runyon's belated attempt to argue defects in the habitual offender proceedings and his sentence are contradicted by the record and his knowing and voluntary guilty plea.
(9) Runyon's final argument is that the Superior Court abused its discretion by denying his motion to stay the postconviction proceedings. Runyon asserts that he sought the stay because he wanted to amend his postconviction petition. He does not contend what further arguments he would have raised had he been permitted additional time. In the absence of any claim of prejudice, we find no abuse of discretion in the Superior Court's denial of the motion to stay.[13]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] In addition to the attempted robbery and assault charges, the Superior Court's November 17, 2007 sentencing order also sentenced Runyon on unrelated charges of aggravated harassment and criminal mischief, filed in Cr. ID XXXXXXXXXX, to which Runyon had pled guilty on February 22, 2006. Except to the extent that Runyon contends that the marital relationship between his attorney in the aggravated harassment case and his attorney in the present case created a conflict of interest, the charges in Cr. ID XXXXXXXXXX were not the subject of Runyon's first postconviction motion.
[2] To the extent that Runyon's postconviction motion raised additional issues that were not included in his opening brief on appeal, those claims are deemed waived. Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). We do not address them here.
[3] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[4] Albury v. State, 551 A.2d 53, 58-59 (Del. 1988) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). See also Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[5] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[6] Strickland v. Washington, 466 U.S. at 689.
[7] Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).
[8] See Del. L.R. Prof. Cond. R. 1.7(a)(2) (providing that a conflict of interest exists if "there is a significant risk that the representation....will be materially limited by the lawyer's responsibilities to....a third person or by a personal interest of the lawyer.").
[9] We further note that, in response to the trial court's inquiry, Runyon expressed his satisfaction with his counsel's representation. He acknowledged that he was pleading guilty to the charged offenses because, in fact, he was guilty. Runyon now is bound by the answers he provided under oath at the guilty plea hearing. Somerville v. State, 703 A.2d 629, 631 (Del. 1997).
[10] See Younger v. State, 580 A.2d at 556.
[11] Strickland v. Washington, 466 U.S. at 688, 694.
[12] Del. Supr. Ct. R. 8.
[13] See Guinn v. State, 882 A.2d 178, 181 (Del. 2008) (noting that the Superior Court has discretion in determining how to proceed with a postconviction motion).