IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILBUR L. MEDLEY, | § | |
| | § | |
| Defendant Below, | § | No. 152, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1901013794, |
| | § | 1906005528 (N) |
| Appellee. | § | |

Submitted: October 4, 2024
Decided: December 10, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Wilbur L. Medley, filed this appeal from a Superior Court opinion denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1] For the reasons discussed below, we affirm the Superior Court's judgment.

(2) On January 24, 2019, Medley was arrested in Criminal ID No. 1901013794 for the sale of stolen goods to multiple pawn shops in November 2018.

---

[1] *State v. Medley*, 2024 WL 1406669 (Del. Super. Mar. 28, 2024).

In April 2019, a grand jury indicted Medley for selling stolen property and related crimes.

(3)     On June 9, 2019, Medley was arrested in Criminal ID No. 1906005528 for burglaries committed on June 5 and June 8.  In August 2019, a grand jury indicted Medley on multiple counts of second-degree burglary and related crimes.

(4)     The Superior Court granted several continuances in 2019 so that Medley could undergo a psychological evaluation and the parties could work on a global resolution of these cases and other cases pending against Medley.  Despite being represented by counsel, Medley filed multiple *pro se* letters and motions with the court.    In April 2020, Medley's counsel ("Trial Counsel") moved to suppress statements Medley made to police in Criminal ID No. 1901013794.  The State advised that it would not be introducing any of those statements.  Trial Counsel also moved to sever the charges in Criminal ID No. 1906005528, which the Superior Court denied.

(5)     On October 11, 2021, Medley pleaded guilty to selling stolen property and falsifying business records in Cr. ID No. 1901013794 and second-degree burglary, attempted second-degree burglary, and third-degree burglary in Criminal ID No. 1906005528.   In addition to agreeing to dismiss all of the other charges in these two cases, the State agreed not to recommend a sentence of more than five years of unsuspended Level V time and not to seek a declaration that Medley was a

2

habitual offender. The Truth-in-Sentencing Guilty Plea Form stated that there was a one-year minimum mandatory sentence for each of the second-degree burglary charges. As requested by the parties, the Superior Court ordered a presentence investigation.

(6) Upon the Superior Court's request, the State submitted a memorandum with its sentencing recommendations on January 13, 2022. The State advised that Medley was subject to a three-year minimum Level V sentence for each of the second-degree burglary charges under the version 11 *Del. C.* § 825(b) that was in effect at the time of those crimes because he had committed those crimes within five years of the date of termination of all periods of incarceration or confinement imposed for previous second-degree burglary convictions. The State recommended five years of unsuspended Level V time for each of the second-degree burglary charges with that time running concurrently. Trial Counsel requested a continuance of the January 14, 2022 sentencing hearing because she had advised Medley that he faced a one-year minimum Level V sentence for each of the second-degree burglary charges as set forth in the Truth-in-Sentencing Guilty Plea Form signed by the parties. The Superior Court granted a continuance.

(7) On February 4, 2022, Trial Counsel filed a motion to withdraw, advising that Medley claimed he was coerced into pleading guilty by Trial Counsel's failure to contact witnesses for his defense and incorrect advice concerning the

3

mandatory sentence that he faced. The Superior Court granted the motion to withdraw and appointed new counsel ("Sentencing Counsel") to represent Medley. On April 25, 2022, Sentencing Counsel moved to withdraw Medley's guilty plea. Medley continued filing *pro se* motions with the Superior Court.

(8) On September 9, 2022, following this Court's affirmance of the Superior Court's denial of a motion for sentence modification that Trial Counsel filed for Medley in a different criminal case (Cr. ID No. 1903000471),[2] Sentencing Counsel asked the Superior Court to schedule a hearing on the motion to withdraw the guilty plea. A hearing was scheduled for October 24, 2022. At the hearing, the prosecutor (who had not submitted the sentencing memorandum) stated that Medley faced a one-year minimum Level V sentence for each of the second-degree burglary charges as set forth in the Truth-in-Sentencing Guilty Plea Form, the State would abide by the plea agreement, and the State would not recommend more than five years of unsuspended Level V time. The Superior Court told Medley that he could accept the plea agreement that the State had indicated it would follow or proceed with his motion to withdraw and go to trial if the motion were granted. Medley chose to accept the plea agreement. Sentencing was scheduled for January 2023.

(9) On December 20, 2022, Sentencing Counsel filed a motion to withdraw as counsel because Medley wished to represent himself at sentencing. At a January

---

[2] *Medley v. State*, 281 A.3d 29 (Del. 2022).

4

9, 2023 hearing, Medley decided not to proceed *pro se* and the Superior Court denied Sentencing Counsel's motion to withdraw. Sentencing was scheduled for January 27, 2023, but was continued because Medley was not transported to the courthouse for medical reasons. On February 17, 2023, the Superior Court sentenced Medley to twenty-two years of Level V incarceration, with credit for 520 days previously served, suspended after four years of Level V incarceration for decreasing levels of supervision. Medley filed *pro se* letters and motions challenging his sentence.

(10) On March 13, 2023, Medley filed a *pro se* notice of appeal in this Court. New counsel entered his appearance and subsequently filed a notice of voluntary dismissal.

(11) On May 1, 2023, Medley filed a timely motion for postconviction relief under Superior Court Criminal Rule 61. He argued that: (i) his constitutional right to speedy sentencing was violated; (ii) Trial Counsel and Sentencing Counsel were ineffective; and (iii) the sentencing judge was biased against him.

(12) As requested by the Superior Court, Trial Counsel and Sentencing Counsel filed affidavits responding to Medley's ineffective assistance allegations. On August 31, 2023, the State filed its response to Medley's motion for postconviction relief. Medley filed responses to the affidavits and the State's submission. Medley also filed a motion for correction of illegal sentence. On March

28, 2024, the Superior Court denied Medley's motion for postconviction relief under Rule 61. This appeal followed.

(13) We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[3] We review constitutional claims, including claims of ineffective assistance, *de novo*.[4] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues,[5] but in most cases claims of ineffective assistance raised in a timely postconviction motion are not procedurally barred.[6] Under Rule 61(i)(5), a procedurally barred claim may be heard if the movant pleads lack of jurisdiction, new evidence creating a strong inference of actual innocence, or a new rule of constitutional law retroactively rendering the conviction invalid.

(14) Medley's arguments on appeal may be summarized as follows: (i) the State violated the plea agreement by informing the Superior Court that he was subject to a three-year minimum Level V sentence for each of the second-degree burglary charges and recommending ten years of unsuspended Level V time in the sentencing memorandum; (ii) his sentence is illegal; (iii) his right to speedy sentencing was violated; (iv) Trial Counsel and Sentencing Counsel were

---

[3] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[4] *Id.*
[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] *Cephas v. State*, 277 A.3d 936, 2022 WL 1552149, at *2 (Del. May 17, 2022) (TABLE) (citing *Green v. State*, 238 A.3d 160, 175 (Del. 2020)).

ineffective; and (v) the sentencing judge was biased against him. Medley has waived appellate review of claims he raised below, but did not argue on appeal.[7]

(15) As the State notes, Medley did not assert a claim for breach of the plea agreement in the postconviction proceedings below. This Court "generally decline[s] to review contentions not raised below and not fairly presented to the trial court for decision" in the absence of plain error.[8] Plain error "is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[9]

(16) Medley argues that he fairly presented this claim to the Superior Court by repeatedly referring to the State's breach of the plea agreement throughout his speedy sentencing argument. Assuming the breach of the plea agreement was fairly raised below, Rule 61(i)(3) bars this claim because Medley did not raise it on direct appeal and has failed to show "[c]ause for relief from the procedural default...and

---

[7] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[8] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986). *See also* Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[9] *Wainwright*, 504 A.2d at 1100.

[p]rejudice from violation of the movant's rights."[10] Medley made no effort to overcome this procedural bar by satisfying Rule 61(i)(5).

(17) In any event, Medley ignores that the State's alleged violations of the plea agreement were remedied. There are generally two alternative remedies for the State's breach of a plea agreement: (i) withdrawal of the plea; or (ii) specific enforcement of the plea agreement.[11] At the October 24, 2022 hearing on Medley's motion to withdraw his plea, the prosecutor stated that Medley was not subject to a three-year minimum Level V sentence for each of the second-degree burglary charges. The prosecutor also agreed to not recommend more than five years of unsuspended Level V time as set forth in the plea agreement. Based on these representations, Medley chose to accept the plea agreement—which included the State's agreement that it would not seek to have him declared a habitual offender— instead of pursuing his motion to withdraw the plea. The Superior Court sentenced Medley to less than five years of unsuspended Level V time. Medley cannot identify any additional relief to which he would be entitled for the State's alleged violations of the plea agreement.

---

[10] Super. Ct. Crim. R. 61(i)(3). *See also Wheeler v. State,* 296 A.3d 363, 374-75 (Del. 2023) (holding that claim defendant failed to raise on direct appeal was barred by Rule 61(i)(3) unless he established cause and prejudice); *Guinn v. State*, 882 A.2d 178, 182 (Del. 2005) (rejecting the defendant's postconviction claim that the Superior Court had erred in denying his motion to suppress because the record revealed no cause for his failure to raise the claim on direct appeal and there was no prejudice as a result of the alleged error).

[11] *Scarborough v. State*, 945 A.2d 1103, 1115 (Del. 2008).

(18)    Medley next contends that his sentence is illegal because the sentencing order does not specify whether the period of confinement is to run concurrently or consecutively as required by 11 *Del. C.* § 3901(d).  Although he raised this claim in a motion for correction of illegal sentence presently pending in the Superior Court, he did not raise it in the Rule 61 proceedings.  In the absence of plain error, which we do not find here, we decline to consider this claim.[12]

(19)    As he did below, Medley argues that his right to speedy sentencing was violated because he pleaded guilty on October 11, 2021, but was not sentenced until February 17, 2023.  He has not shown that the Superior Court erred in concluding that Rule 61(i)(3) barred this claim.  Medley failed to raise this claim on direct appeal and has not established cause for default or prejudice from violation of his rights.[13]

(20)    To prevail on his ineffective-assistance-of-counsel claims, Medley must demonstrate that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[14]  There is "a strong presumption that counsel's conduct falls within the

---

[12] Supr. Ct. R. 8.  As set forth in the sentencing order, the Superior Court imposed unsuspended Level V time for the second-degree burglary conviction with probation on the remaining charges to run concurrently with probation on the second-degree burglary conviction.
[13] *See supra* n.10.
[14] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

wide range of reasonable professional assistance."[15] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[16] In the context of a plea agreement, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[17]

(21) Medley argues, as he did below, that Trial Counsel was ineffective because she failed to contact certain witnesses he identified, and he would have insisted on proceeding to trial had she contacted those witnesses to support his defense. Based on Trial Counsel's affidavit, the Superior Court found that Trial Counsel "outsourced some of her factual investigation efforts to the Office of Defense Services investigator, a reasonable professional decision in the circumstances" and "remained in regular contact with the investigator and Defendant's sister during the time period in question."[18] The Superior Court also found that Medley failed to present any evidence that but for Trial Counsel's failure to contact certain witnesses, he would have insisted on going to trial instead of pleading guilty.[19] The Superior Court did not reach these conclusions in error.

---

[15] *Id.* at 689.
[16] *Id.* at 694.
[17] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[18] *Medley*, 2024 WL 1406669, at *5.
[19] *Id.*

10

(22) Medley does not explain how any of the uncontacted witnesses would have supported his defense at trial. By pleading guilty, Medley obtained the dismissal of the majority of the charges against him, a capped sentencing recommendation, and the State's agreement not to seek a declaration that he was a habitual offender. Given the benefits Medley obtained by pleading guilty, his bare assertion that he would have insisted on going to trial had Trial Counsel contacted certain witnesses does not meet his burden for this claim.

(23) Medley also argues for the first on time appeal that Trial Counsel was ineffective for failing to object to the State's breach of the plea agreement, but he cannot establish prejudice. As previously discussed, any breach of the plea agreement by the State was remedied, and Medley chose to accept the plea agreement instead of pursuing his motion to withdraw the plea and going to trial.[20]

(24) Medley next argues that Sentencing Counsel was ineffective in his handling of the motion to withdraw the guilty plea and in giving away his case file.[21] The Superior Court found that Medley had not shown that Sentencing Counsel's representation fell below an objective standard of reasonableness.[22] As a result of

---

[20] *See supra* ¶ 17.

[21] Medley asserts additional claims of ineffective assistance by Sentencing Counsel in his reply brief, but did not make these claims in his opening brief and has therefore waived them. Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

[22] *Medley*, 2024 WL 1406669, at *6-7.

the motion to withdraw that Sentencing Counsel filed and argued, Medley obtained (and accepted) the State's agreement to comply with the plea agreement. Medley argues that Sentencing Counsel failed to brief the *Scarborough* factors, including legal innocence based on duress, for withdrawal of his plea, but he fails to explain how duress would constitute legal innocence in his case or offer anything to suggest a reasonable probability of a different outcome.

(25)   As to the case file, Medley asked his Sentencing Counsel to give portions of the file to his sister, who was assisting Medley with his defense. Sentencing Counsel admitted that he mistakenly gave the entire case file to Medley's sister, who purportedly threw the file away. Even assuming Sentencing Counsel was objectively unreasonable in giving Medley's file to his sister, Medley did not show that he was prejudiced by this at sentencing. The Superior Court sentenced Medley to less unsuspended Level V time than sought by the State, with credit for 520 days previously served.

(26)   Finally, Medley argues that the Superior Court judge who sentenced him was biased because she previously worked with one of his burglary victims.[23] As the Superior Court correctly concluded, Rule 61(i)(3) barred this claim because Medley did not raise it in the proceedings leading to his conviction and failed to

---

[23] To the extent Medley claims that the sentencing judge sentenced him for the burglary involving her former co-worker, he is mistaken. That burglary was part of a different criminal case (Cr. ID No. 1903000471) and a different Superior Court judge sentenced Medley in that case.

establish cause for relief or prejudice.[24]  Again, Medley made no effort to overcome this procedural bar under Rule 61(i)(5).  The Superior Court did not err in denying Medley's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[24] *Medley*, 2024 WL 1406669, at *7.

13